```
CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

EDWARD G. SCHLOSS CA BAR NO. 102858
3637 MOTOR AVENUE, SUITE 220
LOS ANGELES, CA 90034
TEL: (310) 733-4488 FAX: (310) 836-4888
B24463/fm
```

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | | |
|---|---|---|
| In Re<br>ALBERT FRANCIS QUINTRALL,<br><br>Debtor. | | BANKRUPTCY NO. 14-00915-LA7 |
| GUILD MORTGAGE COMPANY ,<br><br>Moving Party | | RS NO. EGS-1 |
| ALBERT FRANCIS QUINTRALL,<br>RONALD E. STADTMUELLER, TRUSTEE<br><br>Respondent(s) | | CHAPTER 7 |

**MOTION FOR RELIEF FROM AND TO ANNUL AUTOMATIC STAY**
☒ **REAL PROPERTY** ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.  A Petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on <u>02/07/2014</u>

2.  Procedural Status:
    a.  ☒ Name of Trustee Appointed *(if any)*: RONALD E. STADTMUELLER

    b.  ☐ Name of Attorney of Record for Trustee *(if any)*:

    c.  ☐ *(Optional)* Prior Filing Information:
        Debtor has previously filed a Bankruptcy Petition on:_____.
        If applicable, the prior case was dismissed on: _____.

    d.  ☐ *(If Chapter 13 case)*:

    Movant alleges the following in support of its Motion:

1.  ☒ The following real property is the subject of this Motion:
    a.  Street address of the property including county and state:

        COUNTY OF SAN DIEGO
        1342 PINNACLE PEAK DRIVE
        CHULA VISTA, CA 91915

    b.  Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

        Single Family Residence

    c.  Legal description of property is attached as follows:

        Attached as **EXHIBIT "A"** to the Declaration in Support.

CSD 1160

CSD 1160 (Page 2) [05/15/03]

      d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit "   ".

      e.    *Fair market value of property as set forth in the Debtor's schedules: PROPERTY NOT LISTED IN SCHEDULES

      f.    *Nature of Debtor's interest in the property: Debtor is the purported recipient of an <u>unrecorded</u> Grant Deed purportedly executed and notarized on February 2, 2014 by Movant's Borrower, Daniel Barragan.

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

      a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

      b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____

4. <u>*Nature of Movant's interest in the property: Original Lender</u>

5. *Status of Movant's loan:
      a.    Balance owing on date of Order for Relief:    $ **n/a-Trustee's Sale held on 02/14/2014**
      b.    Amount of monthly payment:    $ **n/a-Trustee's Sale held on 02/14/2014**
      c.    Date of last payment:    **n/a-Trustee's Sale held on 02/14/2014**
      d.    If real property,
          i.    Date of default:    **n/a-Trustee's Sale held on 02/14/2014**
          ii.    Notice of Default recorded on:    10/07/2013
          iii.    Notice of Sale published on:    01/08/2014
          iv.    Foreclosure sale currently scheduled for:    **n/a-Trustee's Sale held on 02/14/2014**
      e.    If personal property,
          i.    Pre-petition default:    $_____    No. of months:_____
          ii.    Post-petition default:    $_____    No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
      a.    Date of post-petition default:    _____
      b.    Amount of post-petition default:    $_____

7. Encumbrances:
      a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: GUILD MORTGAGE CO. | $ N/A | $ N/A | N/A | N/A | N/A |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Totals for all Liens: | $ N/A | $ N/A | N/A |  | N/A |

      b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:
   a. [X] Movant's interest in the property described above is not adequately protected.

   b. [X] Debtor has no equity in the [X] real property [ ] personal property described above and such property is not necessary to an effective reorganization.

   c. [ ] The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) [ ] not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) [ ] commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. [X] *Other cause exists as follows *(specify)*: [ ] See attached page.

      Debtor is the purported recipient of an <u>unrecorded</u> Grant Deed purportedly executed on February 2, 2014 by Movant's Original Borrower, Daniel Barragan. Prior consent was *not* granted by Movant to this grant deed. The purported grant deed appears to have a forgery and is not recorded with the San Diego County Recorder and Debtor does not list the subject property on his schedules. Movant proceeded with its foreclosure sale on February 13, 2014. The Trustee's Deed Upon Sale has not yet been recorded.

   When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

   Movant attaches the following: See attached Declaration of Paul T. Laboda

1. [ ] Other relevant evidence:

2. [X] *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

   WHEREFORE, Movant prays that this Court issue an Order granting the following:

   [X] Relief as requested.

   [x] Other: **Annulment** of the automatic stay, validating the February 14, 2014 foreclosure sale so that Movant may proceed with the recordation of its Trustee's Deed Upon Sale and permitting Movant to go forward under state law to obtain possession of the subject property; as well as relief from stay to obtain possession of the property.

   The 14-day stay provided by Bankruptcy Rule 4001(a)(3) be waived.

                                          EDWARD G. SCHLOSS

Dated: February 21, 2014

                                          /s/ Edward G. Schloss
                                          Edward G. Schloss for Movant

Z:\MOT\SD7GUI.Quintrall.Barragan.annul.MOT.wpd

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160